# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| DREAM MEDICAL GROUP, LLC;  ) <br> JOSEPH AGRESTI;  ) <br> BIJ MOTORS TX, LLC; and  ) <br> BIJ LA, LLC,  ) <br>   ) <br> Plaintiffs,  ) <br>   ) <br> v.  ) <br>   ) <br> OLD SOUTH TRADING CO., LLC;  ) <br> and BRENDAN CHURCH,  ) <br>   ) <br> Defendants.  ) | Case 4:22-cv-00134 |

## APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD

Pursuant to the Texas General Arbitration Act ("TGAA"), Tex. Civ. Prac. & Rem. Code § 171.087, and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Plaintiffs Dream Medical Group, LLC, Joseph Agresti, BIJ Motors TX, LLC, and BIJ LA, LLC (collectively, "Dream") hereby make application to this Court for an order confirming an award in arbitration (the "Award") in favor of Dream and against Defendants Old South Trading Co., LLC ("OST") and Brendan Church ("Church") entered on January 10, 2021 in favor of Dream, and against OST and Church, in connection with a proceeding between these Parties administered in Houston, Texas by the American Arbitration Association ("AAA"). A copy of the Award is attached as **Exhibit 1**. The grounds are more specifically set out below.

1

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Dream Medical Group, LLC ("DMG") is a Delaware limited liability company, the sole member of which is a Delaware LLC known as Agresti Family Ventures, LLC ("AFV"). The sole members of AFV are co-Plaintiff Joseph Agresti ("Agresti") and his wife. Agresti and his wife are residents and citizens of Harris County, Texas. Therefore, Plaintiffs DMG and Agresti are citizens of Texas.

2. Plaintiff BIJ Motors TX, LLC is a Texas limited liability company. Plaintiff BIJ LA, LLC is a Louisiana limited liability company. None of the members of BIJ Motors TX, LLC or of BIJ LA, LLC are residents or citizens of the State of South Carolina.

3. Defendant OST is a South Carolina limited liability company. Co-Defendant Brendan Church is the sole member of OST; he is a resident and citizen of South Carolina.

4. Based on the allegations in paragraphs 1-3, there is complete diversity of citizenship between Plaintiffs and Defendants.

5. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Specifically, the amount of the Award exceeds $5 million. *See Pershing LLC v. Kiebach*, 819 F. 3d 179, 182-83 (5th Cir. 2016) (damages demanded in underlying arbitration satisfy amount in controversy for diversity jurisdiction).

6.	Based on the allegations in paragraphs 1-5, this Court has original jurisdiction of this proceeding pursuant to 28 U.S.C. § 1332(a)(1).

7.	This Court has personal jurisdiction over Defendants, and venue is proper as well, pursuant to 9 U.S.C. § 9, because the arbitration leading to the Award took place in Houston, Texas.

    a.	As to personal jurisdiction, Church came to Houston on at least one occasion to meet with Agresti for ongoing discussions about the parties' dealings and disputes which underlie the disputes in the arbitration proceeding. Additionally, Church regularly conducted business pertaining to his dealing with Agresti in this district through Church's importer associate Owen Yang Wang, who was at all relevant times a resident of Katy, Texas, and Wang's company TPC Global was located in Houston.

    b.	As to both personal jurisdiction and venue, Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides for confirmation of arbitration awards in "the United States court in and for the district within which such award was made." *See also* 28 U.S.C. § 1391. The arbitration was filed with and administered by AAA's Houston office. The Panel's initial November, 2020 Scheduling Order provided that the arbitration proceeding was to take place in person in Houston. In May 2021, the Panel, by agreement of the parties, re-set the date of the proceeding in person in Houston and the specific

venue in Houston. Because of continuing COVID concerns, Defendants requested that the proceeding take place over Zoom, and based on that request, that is how the trial proceeded. However, the three arbitrators sat together in a conference room in Houston during the entire four-day trial.

## FACTS – ARBITRATION PROCEEDING & AWARD

8. Dream and Old South were parties to an arbitration proceeding which DMG and Agresti commenced in August 2020. The arbitration proceeding was filed pursuant to these Parties' arbitration agreement contained within a May 5, 2020 Resolution Agreement, a copy of which is attached hereto as **Exhibit 2**. Dream asserted claims in the arbitration involving the Resolution Agreement, and OST/Church asserted various counterclaims, including for rescission of the Resolution Agreement and for breach of an alleged agreement which was subsumed into the Resolution Agreement.

9. The arbitration proceeding was conducted under the Commercial Arbitration Rules of the American Arbitration Association, as supplemented with the rules for complex cases. A Panel of three arbitrators (Hon. Scott Link, Hon, Dwight Jefferson, and Mr. Lee Kaplan) were convened pursuant to AAA Rules and the parties' selections. The Panel presided over discovery and a four-day trial, which occurred on August 2-5, 2021. Thereafter, the Panel received post-hearing briefs from the Parties.

10. On January 10, 2022, the Panel entered an Award in favor of Dream on its claims and against OST and Church on its counterclaims, and the Panel awarded damages to Dream and against OST and Church in the following amounts (see **Exhibit 1** at pp. 21-22, ¶¶ 160-67):

- $5,188,459 in damages under the parties' Resolution Agreement
- $262,636 in attorneys' fees
- $89,136.16 in unrecovered expenses of arbitration (arbitrator fees and AAA administrative fees)
- **TOTAL: $5,540,231.16**

In addition, and by further relief, the Panel (at ¶ 166) directed that all amounts not paid before February 11, 2022 shall bear post-judgment interest at a 4% rate.

## NO DISCOVERY NEEDED; CONFIRMATION OF AWARD

11. Under 9 U.S.C. § 9, a party may apply to the district court for a judgment confirming the arbitration award at any time within one year from the date of the Award. The Award was made on January 10, 2022, and therefore the Application herein is timely filed.

12. The Award is final. Under AAA Commercial Arbitration Rules, the Panel has no jurisdiction to reconsider the merits of its rulings. AAA Comm. R. R-50 ("The [Panel] is not empowered to redetermine the merits of any claim already

decided."). There are no computational or clerical errors in the Award – which under the same rule are the only types of errors subject to correction by the Panel.

13. Under both the TGAA and FAA, courts must confirm an arbitration award unless the award is vacated, modified, or corrected. 9 U.S.C. § 9; Tex. Civ. Prac. & Rem. Code Ann. § 171.087; *see also* 9 U.S.C.§ 13 ("The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action In the court in which it is entered"); Tex. Civ. Prac. & Rem. Code Ann.§ 171.092(a) ("The judgment or decree may be enforced in the same manner as any other judgment or decree").

14. Texas courts have long held "an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it." *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002) (internal quotations omitted); *see also Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("An arbitration award is presumed valid and entitled to great deference."). Judicial review of an arbitration award is therefore "extremely narrow." *New Medical Horizons II, Ltd v. Jacobson*, 317 S.W.3d 421, 428 (Tex. App. —Houston [1st Dist.] 2010, no pet.).

15. The Award has not been modified, vacated, or corrected. No grounds exist for vacating, modifying, or correcting the Award.

16. A proposed Judgment is attached as **Exhibit 3** hereto.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court enter a Final Judgment, pursuant to the TGAA and the FAA, 9 U.S.C. § 9 & 13, confirming the Award and entering judgment thereon in favor of Plaintiffs and against Defendants. Plaintiffs further request that the Court enter an Order awarding such further relief to which Plaintiffs may be entitled, including without limitation costs of court per Section l71.092(b) of the Texas Civil Practice & Remedies Code.

| | |
|---|---|
| Dated:  January 13, 2022 | Respectfully submitted, |
| | /s/ Timothy S. McConn |
| | Timothy S. McConn |
| | Federal Bar No. 32228 |
| **OF COUNSEL:** | State Bar No. 24032713 |
| | Justin S. Rowinsky |
| Wilson F. Green | Federal Bar No. 3227073 |
| Wilson F. Green LLC | State Bar No. 24110303 |
| 301 19th Street North, Ste. 525, Birmingham, AL 35203 | YETTER COLEMAN LLP |
| 2620 6th Street Ste. 200, Tuscaloosa, AL 35401 | 811 Main Street, Suite 4100 |
| | Houston, Texas  77002 |
| (205) 722-1018 | Telephone:  (713) 632-8000 |
| wilson@wilsongreenlaw.com | tmcconn@yettercoleman.com |
| | jrowinsky@yettercoleman.com |
| | ATTORNEYS FOR JOSEPH AGRESTI, DREAM MEDICAL GROUP, LLC, BIJ MOTORS TX, LLC, AND BIJ LA, LLC |

**SERVICE INFORMATION:**

**Pursuant to 9 U.S.C. § 9, the Clerk is requested to cause the United States Marshal to serve Defendants as follows:**

Old South Trading Co., LLC
1503 S. Buncombe Rd.
Greer, SC 29651

Brendan Church
1503 S. Buncombe Rd.
Greer, SC 29651

In addition, Plaintiffs request that the Clerk issue a Summons and that service be made on Defendants by certified mail as follows:

Old South Trading Co., LLC
1503 S. Buncombe Rd.
Greer, SC 29651

Brendan Church
1503 S. Buncombe Rd.
Greer, SC 29651