UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DREAM MEDICAL GROUP, LLC; JOSEPH AGRESTI; BIJ MOTORS TX, LLC; and BIJ LA, LLC, <br><br>　　　Plaintiffs, <br><br>v. <br><br>OLD SOUTH TRADING CO., LLC; and BRENDAN CHURCH, <br><br>　　　Defendants. | Civil Action No. 4:22-CV-00134 |

### PLAINTIFFS' EXPEDITED MOTION FOR IMMEDIATE REGISTRATION OF FINAL JUDGMENT UNDER 28 U.S.C. § 1963

Plaintiffs Dream Medical Group, LLC ("Dream"), Joseph Agresti ("Agresti"), BIJ Motors TX, LLC, and BIJ LA, LLC (collectively, "Plaintiffs") hereby move the Court, pursuant to 28 U.S.C. § 1963, for an Order allowing immediate registration of this Court's Final Judgment (Doc. 23) in other United States District Courts (including, specifically, the District of South Carolina), subject to the conditions set out below. The grounds for this Motion are as follows:

1.　This is an action to confirm an Arbitration Award (Doc. 1), in response to which Defendants Old South Trading Co., LLC and Brendan Church ("Old South" and "Church," and collectively "Defendants") filed a Motion to Vacate Arbitration Award (Doc. 17 & subparts).

2.　On May 16, 2022, this Court's Final Judgment granted Plaintiffs' Petition to Confirm and denied the Motion to Vacate. (Doc. 23).

3.　The automatic stay of execution on the judgment under Fed. R. Civ. P. 62(a) expired on June 15, 2022.

4. On June 13, 2022, Defendants filed a Notice of Appeal. (Doc. 24). Defendants have neither filed a supersedeas bond nor tendered payment of the Award to Plaintiffs in order to avoid execution.

5. Under 28 U.S.C. § 1963, a final judgment entered in one judicial district of the United States may be registered in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown.**" (emphasis added). This statute applies to 9 U.S.C. § 9 final orders confirming arbitration awards, which typically (as in this case) are in the nature of money judgments. *Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (applying § 1953 to district court order confirming money-judgment arbitration award under 9 U.S.C. § 9).[1] On its face, the statute allows a district court to direct registration in other districts even when the matter is on appeal, if "good cause" is shown.[2]

6. "Good cause" is shown under 28 U.S.C. § 1963 if there is "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum". *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002) (*quoting Dyll v. Adams*, 1998 WL 60541, at *1 (N.D. Tex. 1998)); *accord Spray Drift*, supra. As the Court is aware from prior proceedings, the Defendants are residents of South Carolina – Mr. Church is a resident therein, and his entity Old South is physically located in the Greenville, South Carolina area. Defendants' assets are in South Carolina – for example, Mr. Church and his wife own a $3+ million lake house in Pickens County, South Carolina with (what we believe is) in excess of $1 million in

---

[1] However, section 1963 "does not permit enforcement elsewhere of a decree for injunctive relief." 11 Wright, Miller, & Kane, Federal Practice § 2787. *In re Crocker*, 941 F.3d 206, 214 (5th Cir. 2019).

[2] The "good cause" exception did not exist before section 1963 was amended in 1988 by Pub. L. 100-702, § 1001. Thus in *Urban Industries, Inc. of Kentucky v. Thevis*, 670 F.2d 981, 985 (11th Cir. 1982), the Eleventh Circuit held that the pendency of an appeal prohibited any registration of the foreign judgment.

equity. The Court is aware of the action in Pickens County, South Carolina regarding Mr. Church's use of Plaintiffs' funds to purchase that house. Likewise, based on reasonable inquiry Defendants have no assets in this judicial district; in fact, this case was filed in the Southern District of Texas because the arbitration took place herein. *See* Declaration of Wilson F. Green, Exhibit 1 hereto. Given expiration of the Rule 62(a) stay and the absence of any effort by Defendants to stay execution by posting adequate security, if assets were present in Texas Plaintiff could execute immediately. Accordingly, there is good cause to allow immediate registration of Final Judgment in the District of South Carolina so that the same recovery can be pursued there.

7. Even under the narrowest judicial interpretation of "good cause" under section 1963, moreover, "permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond;" thus, where the judgment debtor made a "good faith offer to pay the award or post bond if so ordered[,]" one court has denied the request for registration. *Cheminova*, 182 F. Supp. 2d at 80. Under that standard, Defendants would either be required to tender the amount of the Award or to post a bond, set in the Court's discretion, to avoid execution.

8. Based on the foregoing, Plaintiffs request that the Court: (a) expedite consideration of this Motion (in an effort to avoid moving or altering of assets), and (b) grant leave for immediate registration, unless Defendants, within seven (7) days, either –

> (1) deposit with the Court the amount currently owed under the Award - $5,616,124.74, which is the sum of the Award total of $5,540,231.16, plus $75,893.58 in post-Award interest from February 11, 2022 to June 16, 2022,[3] or

---

[3] The Award provides (Doc. 1-2 at p. 23) that post-judgment interest of 4% runs on all unpaid amounts beginning February 11, 2022. *Per diem* interest on the entire amount (which is unpaid) is $607.14862. There are 125 total days from February 11 – June 16 (the date of this Motion). The total post-judgment interest is therefore $75,893.58.

3

(2) post a bond in the amount of 110% of the Award ($6,094,254.28), which would be adequate bond to protect Plaintiff through appeal.

SO MOVED.

Dated:  June 21, 2022                                    Respectfully submitted,

**OF COUNSEL:**                                          */s/ Timothy S. McConn*
                                                         Timothy S. McConn
Wilson F. Green (*pro hac vice*)                         Federal Bar No. 32228
Wilson F. Green LLC                                      State Bar No. 24032713
301 19th St. N., Ste. 525,                               Justin S. Rowinsky
Birmingham, AL 35203                                     Federal Bar No. 3227073
2620 6th Street Ste. 200,                                State Bar No. 24110303
Tuscaloosa, AL 35401                                     YETTER COLEMAN LLP
(205) 722-1018                                           811 Main Street, Suite 4100
wilson@wilsongreenlaw.com                                Houston, Texas 77002
                                                         Telephone: (713) 632-8000
                                                         tmcconn@yettercoleman.com
                                                         jrowinsky@yettercoleman.com

ATTORNEYS FOR JOSEPH AGRESTI, DREAM MEDICAL GROUP, LLC, BIJ MOTORS TX, LLC, AND BIJ LA, LLC

### CERTIFICATE OF SERVICE

I certify that on June 21, 2022 a copy of the foregoing was served through the Court's Electronic Case Filing System to all parties who have entered an appearance in this lawsuit.

                                                         */s/ Justin S. Rowinsky*
                                                         Justin S. Rowinsky