IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DREAM MEDICAL GROUP, LLC, <br> JOSEPH AGRESTI, <br> BIJ MOTORS TX, LLC, and <br> BIJ LA, LLC, <br><br> Plaintiffs, <br><br> VS. <br><br> OLD SOUTH TRADING CO., LLC, and <br> BRENDAN CHURCH, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br><br> CIVIL ACTION NO. H-22-134 |

**ORDER**

Plaintiffs Dream Medical Group, LLC, Joseph Agresti, BIJ Motors TX, LLC, and BIJ LA, LLC, move under 28 U.S.C. § 1963 for an order allowing immediate registration of the final judgment entered in this case, (Docket Entry No. 23), in other United States District Courts, specifically in the District of South Carolina. (Docket Entry No. 26). This case is currently on appeal in the Fifth Circuit. The defendants oppose registration, arguing that this court should exercise its discretion and not register the judgment because they cannot deposit the award or the supersedeas bond without suffering an undue financial burden.

Under 28 U.S.C. § 1963, a final judgment entered in one judicial district may be registered in another "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Good cause under 28 U.S.C. § 1963 may be a showing of "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Cheminova A/S v. Griffin L.L.C.*, 182

F. Supp. 2d 68, 80 (D.D.C. 2002) (quoting *Dyll v. Adams*, 1998 WL 60541, at *1 (N.D. Tex. 1998)).

The court held two hearings on this motion and received supplemental briefing, including evidence of the defendants' financial condition. The defendants are residents of South Carolina and own property there. They have no assets in the Southern District of Texas, where the judgment was entered. The defendants argued that registering the judgment in South Carolina would force them to file for bankruptcy. The defendants, apparently concerned about the plaintiffs' welfare, insisted that the plaintiffs would receive more money by not registering the judgment and instead going to mediation. The plaintiffs responded that given the defendants' professed lack of liquid assets, the plaintiffs are not interested in mediating and instead want to pursue collecting whatever assets are available. The plaintiffs filed a lis pendens on property held by one of the defendants, Brendan Church, and the defendants argue that this is sufficient security. The defendants conceded at the hearing that they were willing to forego challenging the lis pendens, but acknowledged that the equity in the property is only about $500,000. The plaintiffs' judgment is for $5,540,231.16.

The defendants submitted financial documents, including Old South Trading Co.'s profit and loss measures, balance sheet, and bank statement; Church's personal bank statement; and a closing statement for one of Church's properties. The defendants argue that these documents show that they are unable to post the full bond and that their net worth and liquidation value is less than the judgment.

The burden is on the defendants to show that the court should depart from requiring a full security supersedeas bond. *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The defendants have not shown "a present financial ability to facilely respond to a money judgment [or] present[ed] to the court a financially secure plan for

2

maintaining that same degree of solvency during the period of an appeal." *Id.* As a result, they must show "that the posting of a full bond would impose an undue financial burden and that there is "some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Id.*

The defendants have conceded that they cannot post the full bond. They argue that registering the judgment would impose an undue burden and ask the court to waive the supersedeas bond, but they have not proposed an alternative substitute security arrangement. The defendants cite to *United States v. Loftis*, No. 3-06-CV-1633-P, 2009 WL 10678613, at *3 (N.D. Tex. Aug. 3, 2009), in which the court agreed to stay the execution of a judgment on the plaintiff's showing that she could not pay even a reduced bond and would suffer an undue financial burden if required to post bond. But in *Loftis*, the plaintiff demonstrated that "liquidating her assets would very likely expose her to tax liabilities and withdrawal penalties," and that she could not simply be returned to the status quo if successful on appeal. *Id.* This case is different. The defendants argue that they cannot pay the full bond, but the plaintiffs have disputed the claimed inability to pay, and the defendants have failed to show an undue burden if required to pay a bond. The defendants have not proposed any alternative to secure the judgment the plaintiffs have obtained. The plaintiffs are entitled to pursue the available remedies to collect the judgment they hold, and entitled to take the risk that their next steps will be in the bankruptcy court.

The motion for immediate registration of this court's judgment (Docket Entry No. 26), is granted.

SIGNED on July 15, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge