# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DREAM MEDICAL GROUP, LLC; JOSEPH AGRESTI; BIJ MOTORS TX, LLC; and BIJ LA, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 4:22-CV-00134 |
| v. | ) ) ) OPPOSED |
| OLD SOUTH TRADING CO., LLC; and BRENDAN CHURCH, | ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION TO SUPPLEMENT RECORD FOR APPEAL

Plaintiffs Dream Medical Group, LLC ("Dream"), Joseph Agresti ("Agresti"), BIJ Motors TX, LLC, and BIJ LA, LLC (collectively, "Plaintiffs") hereby move the Court, pursuant to Fed. R. App. P. 10(e)(2), to supplement the record on appeal, to include the documents attached hereto. ***Defendants have advised they oppose this Motion.*** The grounds are as follows:

1. Counsel for Defendants informed the Court on July 8 (Transcript of Hearing at 14:24-15:22) that Defendants were willing to convey a lien on the "lake house" as potential collateral in lieu of a supersedeas bond, and thereby drop Defendants' objection to a lis pendens on the lake house interposed in South Carolina litigation:

> MS. BOYDSTON: That's Mr. Green's position. We believe that if we do not go to mediation, they are going to get zero because we are going to have to file bankruptcy. We do not have the ability to pay it at all without a payment plan, and we will end up having to file bankruptcy, which you will be a judgment creditor, which is an unsecured creditor. And our mortgage lenders, who are secured creditors, will get first dibs.
>
> And in South Carolina, we are going to have to sell those houses anyway because the homestead exemption is so

> low, that we are going to have to pay off our mortgage lenders first. And all that will be left are pennies that will go equal share pro rata to you and the other 82 lenders, less our family members who will be considered insiders. And they just won't get anything until the end. You are not going to get anything.
>
> I am telling you, as an officer of this Court, that you are going to get more in mediation than you would if you try and register this judgment because you are going to get nothing. I'm telling you as an officer of this Court. They hired me to find a bankruptcy lawyer. This is what I do. We were wrong. I'm sorry. But, I mean, I'm telling you, we are willing to pay you. We just cannot pay you in full, and we have to do it on a payment plan.

Further (at 17:9-15) (emphasis added):

> And so to allay plaintiffs' concern about the defendants disputing the lis pendens, which is what Mr. Green raised last time, the plaintiffs -- the defendants are willing to inform the Pickens County court where the lis pendens is filed. Then we will not dispute or move to expunge the lis pendens pending appeal to allow the appeal process to play out.

2. Both this Court and the Court of Appeals should be aware that, at the time of the July 8 hearing, Mr. Church had already conveyed his one-half interest in both houses (including the lake house) to his wife, despite the statements made to this Court and the prior-filed *lis pendens* on the lake house. Attached as Exhibits 1-2 are copies of the conveyances, made in March 2022 and recorded in April 2022 – well before July 8. Therefore, Defendants were apparently offering to the Court to convey collateral (Mr. Church's interest in the lake house) which they did not own.

3. These two exhibits should supplement the record in this case - they should be considered in connection with the appeal taken by Defendants. Federal Rules of Appellate Procedure 10(e)(2) specifically empower this Court so to supplement the record (emphasis added) in situations such as this:

2

(e) Correction or Modification of the Record.

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

**(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:**

(A) on stipulation of the parties;

**(B) by the district court before or after the record has been forwarded; or**

(C) by the court of appeals.

4. Defendants will suffer no prejudice from the granting of this Motion. Defendants obtained an extension of time to file their brief in the Fifth Circuit until August 31, 2022. Thus, Defendants will suffer no unfair surprise from the supplementing of the record at this time, because they will be in a position to address the impact of these attached documents in their principal brief before the Court of Appeals.

SO MOVED.

Dated:  August 9, 2022                                  Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:** | /s/ Timothy S. McConn |
| | Timothy S. McConn |
| Wilson F. Green (*pro hac vice*) | Federal Bar No. 32228 |
| Wilson F. Green LLC | State Bar No. 24032713 |
| 301 19th St. N., Ste. 525, | Justin S. Rowinsky |
| Birmingham, AL 35203 | Federal Bar No. 3227073 |
| 2620 6th Street Ste. 200, | State Bar No. 24110303 |
| Tuscaloosa, AL 35401 | YETTER COLEMAN LLP |
| (205) 722-1018 | 811 Main Street, Suite 4100 |
| wilson@wilsongreenlaw.com | Houston, Texas  77002 |
| | Telephone:  (713) 632-8000 |
| | tmcconn@yettercoleman.com |
| | jrowinsky@yettercoleman.com |

ATTORNEYS FOR JOSEPH AGRESTI, DREAM MEDICAL GROUP, LLC, BIJ MOTORS TX, LLC, AND BIJ LA, LLC

### CERTIFICATE OF CONFERENCE

On August 9, 2022, counsel for Plaintiffs conferred with counsel for Defendants, who stated they were opposed to this motion.

*/s/ Justin S. Rowinsky*
Justin S. Rowinsky

### CERTIFICATE OF SERVICE

I certify that on August 9, 2022 a copy of the foregoing was served through the Court's Electronic Case Filing System to all parties who have entered an appearance in this lawsuit.

*/s/ Timothy S. McConn*
Timothy S. McConn